IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE COLON,    Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | No.: 11-cv-1464 |
| ASHFORD BUCKS COUNTY, LLC d/b/a SHERATON BUCKS COUNTY HOTEL and ASHFORD TRS SAPPHIRE VI, LLC d/b/a SHERATON BUCKS COUNTY HOTEL and REMINGTON LODGING and HOSPITALITY LP and OTIS ELEVATOR COMPANY,    Defendants. | : : : : : : : : : | |

**M E M O R A N D U M**

**SITARSKI, M. J.**                                                                                              **November 6, 2012**

Currently pending before the Court is a motion for summary judgment filed by Defendants Ashford Bucks County, LLC, Ashford TRS Sapphire VI, LLC, and Remington Lodging & Hospitality, LLC (hereinafter "Moving Defendants" or "Defendants"). For the following reasons, the motion will be **DENIED**.

**I.   INTRODUCTION**

On March 2, 2011, Plaintiff filed suit against Ashford Bucks County, LLC ("Ashford Bucks"), Ashford TRS Sapphire VI, LLC ("Ashford TRS"), and Remington Hotel and Lodging LP ("Remington"),[1] and Otis Elevator Company ("Otis"). All of these entities were connected with the Sheraton Bucks County Hotel ("the Hotel") in some way.

---

[1] Defendant Remington, incorrectly named "Remington Hotel and Lodging LP" in the Complaint, is actually "Remington Lodging & Hospitality, LLC" because the former was renamed Remington Lodging & Hospitality, LLC in 2008.

Plaintiff claims Moving Defendants are liable for negligence based on a contract between Otis and the Hotel. (Doc. No. 1, ¶ 11). On March 23, 2011, Ashford Bucks, Ashford TRS, and Remington filed an Answer to the Complaint. (Doc. No. 7).[2]

This matter was initially assigned to District Court Judge C. Darnell Jones, II. On September 14, 2011, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, and the matter was referred to me. (Doc. No. 14).

On August 3, 2012, Defendants Ashford Bucks, Ashford TRS, and Remington filed the instant motion for summary judgment. (Doc. No. 33). Moving Defendants assert that summary judgment is appropriate because Plaintiff has failed to prove that Defendants were negligent under Pennsylvania law. (Doc. No. 33). Specifically, Moving Defendants argue that Plaintiff has failed to prove that Defendants Ashford Bucks, Ashford TRS, and Remington had any notice of the elevator's alleged defective condition. (Doc. No. 33). Further, Moving [Defendants assert that Plaintiff's expert report fails to produce any evidence that the alleged accident was the result of any failure by Defendants to exercise the appropriate standard of care. (Doc. No. 33). A Response, Reply, and Sur-Reply have been filed. (Doc. Nos. 40, 45, and 49). Accordingly, this matter is now ripe for disposition.

---

[2] Defendants Ashford Bucks, Ashford TRS, and Remington's Answer included a Cross-claim against Otis for indemnification and contributory liability. (Doc. No. 7 at 9, ¶¶ 2-3). Similarly, Otis filed an Answer to the Complaint and cross-claims against Defendants Ashford Bucks, Ashford TRS, and Remington for indemnification and contributory liability. (Doc. No. 5, ¶¶ 13-14). On August 24, 2012, Defendants withdrew their respective cross-claims, thereby rendering such claims moot. (Doc. No. 44).

## II.     BACKGROUND

On April 17, 2009, a fire occurred at the Hotel where Plaintiff was employed as a maintenance worker. (Doc. No. 1, ¶15).  As a result of the fire, the hotel elevators, including the service elevator, stopped operating. (Doc. No. 1, ¶ 15).  The Hotel called Otis to put the elevators back into working condition, and Otis performed some work on the elevators. (Doc. No. 1, ¶ 16).  The next day, April 18, 2009, Plaintiff was using the Hotel service elevator in the course of his employment, when the elevator doors allegedly closed on Plaintiff's arm, causing injury. (Doc. No. 1, ¶ 19).

At all relevant times, Ashford Bucks was the owner and lessor of the Hotel; Ashford TRS was the lessee and operator of the Hotel; and Remington was the entity responsible for managing the Hotel operations, including maintenance.  (Doc. No. 1, ¶¶ 7-11).  At all relevant times, Otis had a contract with the Hotel for the service and maintenance of the Hotel elevators ("Maintenance Contract"), including the elevator in which Plaintiff was allegedly injured.  (Doc. No. 1, ¶ 13).[3]

The Maintenance Contract provides, in relevant part, that Otis will "maintain the elevator equipment," and "use reasonable care to see that the equipment is maintained as set forth herein." Doc. No. 34, Ex. C.  The Maintenance Contract further provides that Otis will "regularly and systematically examine, adjust, lubricate, and if conditions warrant . . . repair or replace" various agreed to equipment.  Doc. No. 34, Ex. C.

---

[3] The original elevator Maintenance Contract between Otis and the previous hotel owner, "Household OPEB 1 Inc. d/b/a Sheraton Bucks County Hotel" was assumed by Ashford Bucks upon purchase of the Hotel.  Subsequently, the obligations and liabilities associated with the Maintenance Contract were transferred to the Hotel lessee, Ashford TRS.  (Doc. No. 30, Ex. D, 19:14-24)(Doc. No. 30, Ex. B-4 ¶ 6).

### III.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if there is sufficient evidence from which a jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) *(citing United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." *Liberty Lobby*, 477 U.S. at 255.

The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the moving party carries this initial burden, the non-moving party must "come forward with specific facts showing there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The non-moving party must present something more than mere allegations, general denials, vague statements, or suspicions. *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992); *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982); *Liberty Lobby*, 477 U.S. at 249 (holding plaintiff may not proceed to jury trial "without

any significant probative evidence tending to support the complaint"). Instead, the non-moving party must present specific facts and "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Liberty Lobby*, 477 U.S. at 257.

IV. DISCUSSION

Ashford Bucks, Ashford TRS, and Remington move for summary judgment on Plaintiff's negligence claims (Counts I-III). To make out a claim for negligence under Pennsylvania law, the plaintiff must establish the following: (1) duty of care; (2) breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual injury to the plaintiff. *Johnson v. SJP Mgmt. LLC*, C.A. No. 07-5545, 2009 WL 367539 (E.D. Pa.. Feb. 12, 2009).

As owner of an elevator, a building owner owes a duty to passengers "similar to that of a common carrier." *McGowan v. Devonshire Hall Apartments*, 420 A.2d 514, 519 (Pa. Super. 1980). The Pennsylvania Supreme Court has held that "a common carrier 'is negligent if a reasonable man under like circumstances would recognize that it involves an unreasonable risk of causing harm to another.'" *Tait v. Armor Elevator Co.*, 958 F.2d 563, 566 (3d Cir. 1992) (quoting *Benson v. Penn Cent. Transp. Co.*, 342 A.2d 393, 397 (Pa. 1975)). Specifically, a building owner, as a common carrier, owes its elevator passengers "a duty to anticipate or guard against the risks that might result in injury to its elevator passengers." *Id.* at 570. A building owner maintains this duty notwithstanding any third-party service contracts to perform certain elevator maintenance duties, so long as the owner retains actual control over the instrumentality. *Id*.

A.     Analysis

There is no question that the Hotel had an elevator Maintenance Contract with Otis. (*See* Doc. No. 1, ¶ 35; Doc. No. 33 at 10). Defendants contend that Plaintiff cannot prove they were negligent because, under the Maintenance Contract, Otis was responsible for regular maintenance and care of the elevators. Defendants argue that Plaintiff has offered no evidence that Ashford Bucks, Ashford TRS, and Remington breached their contractual obligations to notify Otis of elevator maintenance issues. (Doc. No. 33 at 10).

The Third Circuit has held that, notwithstanding any third-party contracts for elevator service, when an owner retains control over an elevator, its duty to passengers persists. *Tait*, 958 F.2d at 570. The mere existence of a third-party contract for elevator service does not relieve an owner of its duty to passengers when, as here, the owner retains "substantial control" over the elevator. *Tait*, 958 F.2d at 570 (stating owner owed duty to passengers notwithstanding owner's contract with elevator service company "to perform some, but not all, of its duties with respect to the elevators"). In such cases, the owner's duty to its passengers persists, and Pennsylvania law permits the inference that any accident or injury may have been the result of joint negligence by both contracting parties. *Id.*

In this case, the provisions of the Hotel's Maintenance Contract with Otis explicitly provided that "possession or control" of the elevators remained "exclusively" with the Defendants. (Doc. No. 40 at Ex. 4). Therefore, even if Defendants had properly performed their obligations under the Maintenance Contract, they could still be found liable for negligence because the contract did not absolve them of their independent tort law duty of care to passengers.

With respect to the standard of care, Defendants argue that *Tait v. Armor Elevator Co.* controls, and stands for the proposition that common carriers owe a duty of ordinary care. (Doc. No. 33 at 11). Plaintiff counters that common carriers owe their passengers "the utmost degree of diligence and care." (Doc. No. 40 at 11) (quoting *Petrie v. Kaufmann & Baer Co.*, 139 A.2d 878 (1927). Moreover, Plaintiff contends that injury involving an elevator creates "a prima facie presumption of negligence against the defendant." (Doc. No. 40 at 11).

As a common carrier, the owner of an elevator is bound to exercise "ordinary prudence under the circumstances." *Tait*, 958 F.2d at 566 (quoting *Benson v. Penn Cent. Transp. Co.*, 342 A.2d 393, 398 (Pa. 1975)). In *Tait*, the plaintiff was injured when the elevator in which he was descending stopped abruptly. The plaintiff brought a negligence suit against the building owner and the contracting elevator service company, arguing that a common carrier owes a heightened duty of care to its passengers. *Id.* at 565-66. The Third Circuit stated that an elevator owner is a common carrier, "who owes a duty of care to maintain the elevator in a reasonably safe condition for passengers." *Id.* at 571. Specifically, the court found that it was within the scope of the owner's duty "to make thorough inspections, to keep the common approaches . . . in a reasonably safe condition, and to operate the elevator in a reasonably safe manner." Thus, in *Tait,* the Third Circuit found that a jury could reasonably infer that the owner breached their duty by allowing dust and dirt in the circuitry, and corrosion build up in the circuits due to water exposure. *Id.* at 571, 573. The court acknowledged that Pennsylvania courts have, at times, articulated a heightened duty of care. However, the court clarified that in practice, common carriers are not held to a special standard. *See id*. at 566 ("What is required is merely the conduct of a reasonable man of ordinary prudence under the circumstances, and the greater the danger . . . is merely one

of the circumstances demanding only an increased amount of care.") (quoting *Benson v. Penn Cent. Transp. Co.*, 342 A.2d 393, 398 (Pa. 1975)) (internal quotation marks omitted).

In the instant case, Defendants called Otis to the Hotel to inspect the elevators following a fire that occurred on the premises one day prior to Plaintiff's injury and pursuant to the Maintenance Contract. When the Otis technician arrived, the fire had been extinguished, but the fire hoses had left behind water, which was "just pouring in, dripping everywhere, like a shower," throughout the Hotel's elevator shafts. (Doc. No. 33 at Ex. 10).

As noted previously, the Third Circuit has held that a common carrier owes an ordinary duty of care under the circumstances, and noted that the degree of danger is one of the circumstances that demand an increased amount of care. *Tait*, 958 F.2d at 566. The *Tait* court found that a reasonable jury could infer that the building owner might have been responsible for allowing corrosion to build up in the circuits due to water exposure. *Id.* at 573. Likewise, under the record before this Court, a jury could reasonably infer that a building owner might be responsible for the effects of a deluge pouring through the building's elevator shafts.

Defendants Ashford Bucks, Ashford TRS, and Remington – as building owners and common carriers – owed a duty to exercise reasonable care to protect passengers in their elevators. Defendants also owed a duty of ordinary care, "to anticipate or guard against a risk that might result in injury to its elevator passengers." *Id.* at 570. Arguably, Defendants were aware that the elevators posed some risk to passengers, as evidenced by the fact that Defendants called Otis to inspect and repair the elevators immediately after the fire. Taking the facts in the light most favorable to Plaintiff, it is reasonable to infer that a malfunction one day after an elevator circuit outage and service shut down may have been caused by Defendants' negligence

in authorizing the use of the elevators without treating the full extent of the water damage.

Defendants' second argument is that Plaintiff's expert report fails to produce any probative evidence of malfunction, or any causal link between Defendant's alleged breach of duty and such malfunction. Defendants have reserved the right to contest the admissibility of the expert report at trial. As previously stated, the facts are adequate to permit a reasonable jury to infer that Defendants negligently failed to prevent the build up of conditions that may have led to the elevator's malfunction. Whether the expert report is admissible under *Daubert* will be determined prior to trial. Accordingly, summary judgment must be denied.

## V.    CONCLUSION

Questions of material fact exist, thus rendering summary judgment inappropriate in favor of Moving Defendants. For the foregoing reasons, Defendants' Motion for Summary Judgment is **DENIED**. An appropriate Order follows.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE